DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Eddie Lee Jones, appeals from the decision of the Summit County Court of Common Pleas imposing maximum sentences and finding him to be a sexual predator. We reverse in part, affirm in part, and remand.
 {¶ 2} On September 11, 2003, the Summit County Grand Jury indicted Defendant on one count of rape, one count of kidnapping, one count of aggravated robbery, and one count of robbery. A jury trial ensued. The jury found Defendant guilty of first degree rape, R.C. 2907.02(A)(2), first degree kidnapping, R.C.2905.01(A)(4), and second degree robbery, R.C. 2911.02(A)(2). He was sentenced to ten years on the rape and kidnapping counts and eight years on the robbery count. The ten year terms were ordered to run concurrently, but consecutively to the eight year term. The court also found Defendant to be a sexual predator. Defendant appeals, raising two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court erred in imposing maximum sentences on all counts without making a finding of any of the required factors set fourth in R.C. 2929.14(C), and in imposing maximum sentences without giving its reasons for doing so on the record."
 {¶ 3} In his first assignment of error, Defendant claims that the trial court erred in imposing maximum sentences without making certain required findings of facts, and without stating its reasons for imposing such sentences on the record. The State of Ohio concedes that the court did not make the necessary findings of fact. In its reply brief, the State said: "no findings were made, * * * [a]ccordingly the matter should be remanded for re-sentencing." Therefore, we sustain Defendant's first assignment of error and remand to the trial court for resentencing. Defendant's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II
"The trial court erred in finding [Defendant] to be a sexual predator."
 {¶ 4} In his second assignment of error, Defendant claims that the trial court erred in adjudicating him a sexual predator. He claims that there was no evidence presented by the state of any prior sexually oriented offenses that he had committed, nor evidence that Defendant had a propensity for future sexual offenses, and therefore, he should not have been declared a sexual predator. We disagree.
 {¶ 5} R.C. 2950.01(E)(1) defines a sexual predator as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense * * * and is likely to engage in the future in one or more sexually oriented offenses." Under R.C.2950.09(B)(3), in considering whether to label an offender a sexual predator, a judge must consider:
"(a) The offender's or delinquent child's age;
(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses[;] * * *
(c) The age of the victim[;] * * *
(d) Whether the sexually oriented offense * * * involved multiple victims;
(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender[;] * * *
(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
A judge has discretion to determine what weight, if any, to attach to each guideline. State v. Thompson (2001),92 Ohio St.3d 584, 588. In addition to the factors listed above, a judge may also consider evidence that he or she deems relevant to determine the probability of recidivism. Id. It is not necessary that a majority of the factors weigh against the defendant.State v. Hoagland (Apr. 11, 2001), 9th Dist. No. 20262, at 3.
 {¶ 6} The trial court must determine by clear and convincing evidence that a defendant is a sexual predator. State v.KcKinney (Jan. 9, 2002), 9th Dist. No. 3207-M, at 4. Clear and convincing evidence is that "`which will produce * * * a firm belief or conviction as to the allegations sought to be established.'" State v. Eppinger, (2001), 91 Ohio St.3d 158,164, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477. We will overturn a sexual predator determination only upon a finding that the trial court's decision was clearly erroneous. State v.Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6.
"[The clearly erroneous standard of review] is highly deferential and even `some' evidence is sufficient to sustain the judgment and prevent reversal. * * * Thus, this Court is guided by a presumption that the findings of a trial court are correct, since the trial court is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use those observations in weighing the credibility of the proffered testimony." (Citations and quotations omitted.) Id. at ¶ 10, citing Spinetti v. Spinetti (Mar. 14, 2001), 9th Dist. No. 20113, at 7-8.
 {¶ 7} In the present case, Defendant was convicted of first degree rape, a sexually oriented offense. R.C. 2950.01(D)(1)(a). Defendant had approached the victim on New Year's Eve 2002 at the Super 8 Motel she worked at. Defendant had been staying in the motel along with his girlfriend, her father and her two children. While the victim was setting out cups in the lobby, Defendant grabbed her hands and told her "that he wanted to make love with [her], eat [her] out," and "a few other choice things." He told her that he wanted to do these things to her in the hotel office. Later the same night, Defendant appeared behind the victim and grabbed her shoulders. Victim told her supervisor and Defendant's girlfriend about the incident and, by January 3, Defendant had moved out of the Super 8.
 {¶ 8} On January 19, Defendant, wearing a ski mask, again approached the victim while she was setting up breakfast. He grabbed her from the back of the neck, and pushed her towards the cash register. He took her behind the counter and told her to kneel down. She said that she felt something pressing into her back. She knew that it was not a knife, but was not sure if it was a gun. He made her open the cash register, and he took money from it. Defendant tried to get into the hotel safe, but was unsuccessful. Then Defendant pushed the victim into the hotel office and pushed her into a chair. Defendant pulled off some of the victim's clothes. He performed oral sex on her, sucked her right breast, put his fingers inside of her and tried to put his penis inside of her, but was not able to. The victim testified that he reeked of alcohol. Defendant got up and left. He told her "[y]ou know you wanted this." Then Defendant told the victim not to leave the office. He went out and slammed the door to the office, leaving her there.
 {¶ 9} The above facts were set forth at trial and established that Defendant was guilty of committing a sexually-oriented offense. See R.C. 2950.01(D)(1)(a). "Once it is established that the offender has committed a sexually oriented offense, the key to any sexual-offender-classification hearing is determining whether the offender is likely to reoffend in the future." Statev. Hunter (2001), 144 Ohio App.3d 116, 122. In this case, the sexual-offender-classification hearing was conducted as part of the sentencing hearing, as permitted under R.C. 2950.09(B)(2), by the same judge who presided over Defendant's trial.
 {¶ 10} The record reflects that the trial court considered the factors set forth in R.C. 2950.09(B)(3). It is not necessary for the trial court to list each R.C. 2950.09(B)(3) factor in order to classify a defendant as a sexual predator. State v.Cook (1998), 83 Ohio St.3d 404, 426. Rather, the trial court must consider all factors which are relevant to its sexual predator determination. Eppinger, 91 Ohio St.3d at 166.
 {¶ 11} In finding Defendant to be a sexual predator, the court commented that Defendant had prior convictions for burglary and multiple convictions for possession of cocaine. The court noted that it was a "heinous offense." In its journal entry, the court found that Defendant had a "very substantial prior criminal record[,]" that he had "committed these offenses while on community control on another case[,]" that the "victim suffered both physical and psychological harm[,]" that Defendant had a "history of alcohol and/or drug abuse[,]" and that he exhibited a "lack of remorse[.]"
 {¶ 12} The evidence shows that Defendant had targeted the victim almost a month prior to raping her. He threatened her and then made good on his threats. Defendant had a plan to sexually assault the victim and carried that plan out. The victim suffered physical and psychological damage for which Defendant exhibited no remorse.
 {¶ 13} After reviewing the evidence in its entirety, we cannot say that the decision of the trial court to classify Defendant as a sexual predator was clearly erroneous. Defendant's second assignment of error is overruled.
 {¶ 14} We sustain Defendant's first assignment of error, overrule his second assignment of error, reverse the sentence entered by the Summit County Court of Common Pleas, and remand for re-sentencing.
Affirmed in part, reversed in part, and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Whitmore, P.J., Batchelder, J., Concur.