DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Eddie Lee Jones, appeals from his sentence imposed by the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Following a jury trial, Appellant was convicted of rape, kidnapping, and robbery. Appellant was sentenced to the maximum, ten years, on the rape and kidnapping convictions. Those ten-year terms were to be served concurrent to the maximum eight-year term of incarceration imposed on the robbery conviction. This Court reversed Appellant's sentence to the extent that the trial court failed to make the statutorily required findings necessary to impose maximum and consecutive sentences. State v. Jones, 9th Dist. No. 21967, 2004-Ohio-6079, at ¶ 3.
 {¶ 3} Following remand, the trial court imposed its prior sentence and placed its findings supporting that sentence on the record at Appellant's sentencing hearing. At the hearing, Appellant objected to those findings being made, asserting that any factual finding had to be made by a jury. Appellant timely appealed from his resentencing, raising one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN IMPOSING MAXIMUM AND CONSECUTIVE SENTENCES SINCE OHIO'S SENTENCING STATUTES ALLOW SUCH SENTENCES TO BE IMPOSED BASED SOLELY UPON THE TRIAL COURT'S FINDINGS OF FACT, IN VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHT TO A JURY TRIAL ON ALL FACTUAL ISSUES."
 {¶ 4} In his sole assignment of error, Appellant argues that the trial court engaged in unconstitutional fact finding in order to impose more than the minimum sentence on him. Specifically, Appellant asserts thatBlakely v. Washington (2004), 542 U.S. 296, compels reversal of his sentence. We disagree.
 {¶ 5} This Court has previously held that Blakely is inapplicable to Ohio's sentencing scheme. State v. Rowles, 9th Dist. No. 22007,2005-Ohio-14, at ¶ 19. Additionally, we have held that U.S. v. Booker
(2005), 125 S.Ct. 738, provided no rationale for this Court to revisit our prior holding. State v. Burns, 9th Dist. No. 22198, 2005-Ohio-1459, at ¶ 5. Appellant's sole assignment of error is overruled.
 III. {¶ 6} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Carr, J. concur.