DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Eddie Lee Jones, appeals from his sentencing in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Following a jury trial, Appellant was convicted of rape, kidnapping, and robbery. Appellant was sentenced to the maximum, ten years, on the rape and kidnapping convictions. Those ten-year terms were to be served concurrent to the maximum eight-year term of incarceration imposed on the robbery conviction. This Court reversed Appellant's sentence to the extent that the trial court failed to make the statutorily required findings necessary to impose maximum and consecutive sentences. State v. Jones, 9th Dist. No. 21967,2004-Ohio-6079, at {¶ 3}.
 {¶ 3} Following remand, the trial court imposed its prior sentence and placed its findings supporting that sentence on the record at Appellant's sentencing hearing. At the hearing, Appellant objected to those findings being made, asserting that any factual finding had to be made by a jury. On appeal, Appellant asserted that his sentence was unconstitutional and violated his Sixth Amendment right to a jury trial. This Court affirmed Appellant's conviction. State v. Jones, 9th Dist. No. 22483, 2005-Ohio-4664. The Ohio Supreme Court reversed Appellant's conviction based on its holding in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. The trial court re-sentenced Appellant on June 14, 2006. During that hearing, the trial court did not set forth any factual findings. Appellant objected to his sentence. Appellant timely appealed his sentence, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MAXIMUM TERMS OF IMPRISONMENT AND THEN IMPOSING CONSECUTIVE SENTENCES WITHOUT CONSIDERING THE APPROPRIATE SENTENCING FACTORS."
 {¶ 4} In his sole assignment of error, Appellant argues that the trial court erred in sentencing him to maximum terms of imprisonment and imposing Court of Appeals of Ohio, Ninth Judicial District consecutive sentences without considering the appropriate sentencing factors. More specifically, Appellant contends that the trial court erred in failing to state that it had considered the factors for maximum and consecutive sentencing under R.C. 2929.14. We find no merit in this contention.
 {¶ 5} On February 27, 2006, the Ohio Supreme Court issued a decision which impacts Appellant's arguments on appeal. In State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, the Court found that Ohio's sentencing structure was unconstitutional to the extent that it required judicial fact-finding. Id. at paragraphs one through seven of the syllabus. In constructing a remedy, the Court excised the portions of the statute it found to offend the Sixth Amendment and thereby granted full discretion to trial court judges to sentence defendants within the bounds prescribed by statute. See Id.; State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at 119.
 {¶ 6} Additionally, Foster altered this Court's standard of review which was previously a clear and convincing error standard. State v.Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 11. Accordingly, this Court reviews Appellant's sentence utilizing an abuse of discretion standard. Id. at ¶ 12. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its Court of Appeals of Ohio, Ninth Judicial District judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d619, 621.
 {¶ 7} The Foster Court noted that "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster, at ¶ 42. Moreover, post-Foster, it is axiomatic that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph 7 of the syllabus. Therefore, post-Foster, trial courts are still required to consider the general guidance factors in their sentencing decisions. In its journal entry, the trial court specifically stated that it had considered the purposes and principles of sentencing under R.C. 2929.11
and balanced the seriousness and recidivism factors under R.C. 2929.12. The trial court additionally stated that it had considered the record and oral statements when making its decision.
 {¶ 8} R.C. 2929.11 provides in pertinent part as follows:
 "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not Court of Appeals of Ohio, Ninth Judicial District demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
Appellant was convicted of two first degree felonies and one second degree felony. Accordingly, the trial court was permitted to utilize its discretion to sentence him within the range of three to ten years incarceration for the first degree felony convictions and within the range of two to eight years for the second degree felony conviction. R.C. 2929.14(A)(1) and (2). Appellant was sentenced to ten years incarceration on both the rape and kidnapping convictions. Appellant was also sentenced to an eight-year term of incarceration for the robbery conviction. Accordingly, Appellant's convictions fall within the statutory ranges set forth in R.C. 2929.14.
 {¶ 9} Upon review, this Court cannot say that the trial court abused its discretion in sentencing Appellant to eighteen years incarceration. The evidence shows that Appellant had targeted the victim almost a month prior to raping her. He threatened her and then acted on the threats. Appellant had a plan to sexually assault the victim and carried out that plan. The victim suffered physical and psychological damage for which Appellant exhibited no remorse. R.C. 2929.12(B)(2) and (D)(5). Appellant had multiple serious prior convictions. R.C. 2929.12(D)(2). Appellant committed the within offenses while on community control on another case. R.C. 2929.12(D)(1). Furthermore, Appellant had a history of alcohol and/or drag abuse. R.C. 2929.12(D)(4).
 {¶ 10} Accordingly, based upon a consideration of the factors in R.C.2929.12 and the purpose of felony sentencing as contained in R.C.2929.11, we cannot say that the trial court abused its discretion in sentencing Appellant to eighteen years incarceration. Appellant's assignment of error is overruled.
 III. {¶ 11} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to ran. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. Court of Appeals of Ohio, Ninth Judicial District
Costs taxed to Appellant.
SLABY, P. J.
WHITMORE, J.
CONCUR