OPINION
{¶ 1} On August 4, 2004, defendant-appellant, Michael A. Fout ("appellant"), pled guilty to two counts of endangering children in violation of R.C. 2919.22, felonies of the second degree; and two counts of illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323, also felonies of the second degree. On September 22, 2004, the trial court sentenced appellant to four six-year terms of imprisonment and ordered that he serve them concurrently.
 {¶ 2} On appeal, the Supreme Court of Ohio reversed appellant's sentence on the authority of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, and remanded his case to the trial court for resentencing in accordance therewith. See In re Ohio CriminalSentencing Statutes Cases, 109 Ohio St.3d 313, 2006-Ohio-2109,847 N.E.2d 1174, ¶ 90. On June 8, 2006, pursuant to the mandate of the Supreme Court of Ohio, the trial court held a new sentencing hearing and reimposed four six-year terms of imprisonment to be served concurrently. Appellant timely appealed and advances five assignments of error for our review, as follows: FIRST ASSIGNMENT OF ERROR:
 The Court of Common Pleas violated Appellant's right to trial by jury by sentencing Appellant to a term of incarceration which exceeded the statutory maximum mandated by the Sixth and Fourteenth Amendments. The decision rendered by the Supreme Court of Ohio in State v. Foster
(2006), 109 Ohio St.3d 1, 2006-Ohio-856 which purports to authorize sentences in excess of the statutory maximum, is incompatible with the controlling precedent of the United States Supreme Court and must be rejected.
SECOND ASSIGNMENT OF ERROR:
 The Court of Common Pleas violated Appellant's rights under the Ex Post Facto Clause of the Federal Constitution by sentencing Appellant to a term of incarceration which exceeded the maximum penalty available under the statutory framework at the time of the offense. The decision rendered by the Supreme Court of Ohio in State v. Foster (2006), 109 Ohio St.3d 1, which purports to authorize the sentence rendered against Defendant Ashcroft (sic), is incompatible with the controlling precedent of the United States Supreme Court and must be rejected.
THIRD ASSIGNMENT OF ERROR:
 The Court of Common Pleas violated Appellant's rights under the Fourteenth Amendment to the Federal Constitution by sentencing Appellant pursuant to the decision rendered by the Supreme Court of Ohio in State v. Foster (2006), 109 Ohio St.3d 1, because the holding of Foster is invalid under Rogers v. Tennessee (2001), 532 U.S. 451.
FOURTH ASSIGNMENT OF ERROR:
 The Rule of Lenity requires the imposition of minimum and concurrent sentences, and the ruling of the Court of Common Pleas to the contrary must be reversed.
FIFTH ASSIGNMENT OF ERROR:
 The sentence imposed upon Defendant Fout was an abuse of discretion.
 {¶ 3} Appellant's first, second and third assignments of error raise similar issues and will be addressed together. Therein, appellant argues that the Foster court's severance of R.C. 2929.14(B), coupled with its application of that case to all cases then pending on direct appeal, such as appellant's, unlawfully deprived him of due process and unlawfully operates as an ex post facto law because it inflicts a greater punishment upon him than he would have faced under the sentencing statutes (minus the fact-finding provisions found unconstitutional in Foster) that were in place at the time he committed his crimes. He argues that application of Foster to his case unlawfully divests him of the right to minimum terms.
 {¶ 4} He argues that the case of Blakely v. Washington (2004),542 U.S. 296, 1245 S.Ct. 2531, 159 L.Ed.2d 403, upon which theFoster court drew for support of its analysis, stands for the proposition that the Sixth and Fourteenth Amendments to the United States Constitution prohibit imposition of non-minimum sentences. Appellant maintains that the Foster court should only have excised the judicial fact-finding portion of R.C. 2929.14(B) but should have left intact the portion of the statute that expressed a presumption in favor of minimum sentences. He argues that we should reverse and remand for a third sentencing hearing, and order that the trial court impose minimum sentences.
 {¶ 5} But we are bound to apply Foster as it was written. State v.Alexander, 10th Dist. No. 06AP-501, 2006-Ohio-6375, ¶ 7; State v. Gibson, 10th Dist. No. 06AP-509,2006-Ohio-6899, ¶ 15; State v. Henderson, 10th Dist. No. 06AP-645, 2007-Ohio-382, ¶ 7; State v. Houston, 10th
Dist. No. 06AP-662, 2007-Ohio-423, ¶ 4. " `Likewise, the trial court was bound to apply Foster as written, and was not permitted to give appellant "* * * the benefit of a state of law that never existed; [that is,] * * * a sentence that comports with the Sixth Amendment requirements of Booker [ ] and Foster [ ] * * * but [without] the possibility of a higher sentence under the remedial holdings ofBooker [ ] and Foster [ ]." ` " Alexander, supra, at ¶ 7, quotingState v. Paynter, 5th Dist. No. CT2006-0034,2006-Ohio-552, ¶ 28, quoting U.S. v. Jamison (C.A.7, 2005),416 F.3d 538, 539.
 {¶ 6} As the Foster court noted, once the mandatory judicial fact-finding is properly eliminated from R.C. 2929.14, "there is nothing to suggest a `presumptive term.' " Foster, at ¶ 96. Therefore, the court held, the sections that "* * * either create presumptive minimum or concurrent terms or require judicial fact-finding to overcome the presumption, have no meaning now that judicial findings are unconstitutional[.]" Id. at ¶ 97. Thus, at the time that appellant committed his crimes the law did not afford him an irrebuttable presumption of minimum sentences. As such, Foster does not violate appellant's right to due process and does not operate as an ex post facto law.
 {¶ 7} But appellant now seeks the benefit of an irrebuttable presumption of minimum sentences, even though such a presumption never existed, arguing that we should order the trial court to apply part ofFoster to him but not all of it. For all of the foregoing reasons, however, we cannot do so. Accordingly, appellant's first, second and third assignments of error are overruled.
 {¶ 8} In support of his fourth assignment of error, appellant argues that courts should impose the most lenient construction of R.C. 2929.14
(that is, the minimum sentence) when an offender is being resentenced. He contends that the Foster court's severance remedy violates this proposition — the so-called rule of lenity — because it allows trial courts, upon resentencing, to impose any sentence within the statutory range corresponding to the offense. Recently, in the cases of State v.Henderson, 10th Dist. No. 06AP-645, 2007-Ohio-382, ¶9-10, and State v. Houston, 10th Dist. No. 06AP-662,2007-Ohio-423, ¶ 6-7, we examined this argument and found it to be wholly without merit. For the reasons expressed in Henderson andHouston, appellant's fourth assignment of error is overruled.
 {¶ 9} In his fifth assignment of error, appellant argues that the trial court's sentence was an abuse of discretion. The state argues that, even post-Foster, we should not review appellant's sentence for an abuse of discretion, but, rather, pursuant to R.C. 2953.08(G)(2), we may modify the sentence or remand for resentencing if we clearly and convincingly find that the sentence is contrary to law. We observe that this court has, to date, only once addressed this issue sinceFoster. We applied an abuse of discretion standard in a case involving imposition of a non-minimum, maximum prison sentence for a fourth-degree felony. See State v. Knopf, 10th Dist. No. 05AP-1201,2006-Ohio-3806.
 {¶ 10, the Supreme Court of Ohio held that R.C. 2953.08(G) no longer applies insofar as it refers to review of findings made pursuant to the severed statutory sections, including, as relevant here, R.C. 2929.14(B), which required judicial fact-finding to overcome presumptive minimum terms in certain circumstances. See Foster at ¶ 97, 99. Now, "* * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. Thus, afterFoster, when a defendant challenges the imposition of non-minimum sentences, the proper standard of review to be applied is that of abuse of discretion.
 {¶ 11} An abuse of discretion is more than an error of law or judgment; it implies that the attitude of the trial court was "unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying an abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med.Bd. (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748.
 {¶ 12} Appellant argues that the trial court abused its discretion in refusing to impose a more lenient sentence despite the fact that appellant had completed several prison programs during his period of incarceration and had apparently been engaged in self-evaluation with a minister, who wrote letters on appellant's behalf.[1] However, nothing in the applicable sentencing statutes requires the sentencing court to afford leniency to an offender who has completed prison programs or has otherwise availed himself of rehabilitative opportunities while incarcerated.
 {¶ 13} Upon review of the record, it is clear that the trial court was aware of appellant's rehabilitative efforts undertaken while in prison, but it is equally clear that the court was unmoved by them. From this record, we do not perceive an attitude of the trial court that was unreasonable, arbitrary or unconscionable. We thus find no abuse of discretion and we overrule appellant's fifth assignment of error.
 {¶ 14} Having overruled all of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BROWN and FRENCH, JJ., concur.
[1] The transcript of the resentencing hearing reflects that defense counsel presented to the court several certificates evidencing appellant's completion of prison programs, as well as letters from the minister, and the court indicated that it had seen them, though copies of these certificates and letters are not part of the record.