JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant Cynthia May (appellant) appeals her five-year prison sentence for abduction and attempted intimidation of a witness. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} In December of 2004, appellant allowed a young mother and her four-day-old child to reside with her upon discharge from the hospital in exchange for a voucher from the Cuyahoga County Department of Children and Family Services. Appellant took the baby under the guise of going shopping, but instead went to her boyfriend's family's house, where she informed the family that she had just given birth to this baby. Appellant had led her boyfriend to believe that she was pregnant with his child for some time prior to this incident by showing him ultrasound results and calling him to describe what in reality was a fictitious labor. Appellant also deceived her boyfriend's family with the same tale, resulting in appellant's boyfriend's mother planning a baby shower for appellant.
 {¶ 3} On the day in question, hours after leaving her house with the child, appellant called the birth mother to tell her she was running late and would be home in a few hours. When appellant and the baby did not return, the mother called the police. The Cleveland Police Department and the Federal Bureau of Investigation tracked appellant down at her boyfriend's family's house. Appellant denied being Cynthia May, but represented herself as Cynthia's sister, and told the authorities she *Page 4 
knew where to find Cynthia. Eventually, appellant admitted her true identity, and the baby was safely returned to the mother.
 {¶ 4} This bizarre incident made the local news, and when Nicole Thornton (Thornton) saw the story on television, she called the police to tell them that she had a similar experience many years ago when appellant took her son and did not return for approximately one week.
 {¶ 5} On January 13, 2005, appellant was charged with one count of kidnapping. During pretrial activities, Thornton received several threatening phone calls, and appellant was charged in a separate case with retaliation and intimidation of a witness. The cases were consolidated, and on September 14, 2005, appellant pled guilty to one count of abduction in violation of R.C. 2905.02(A)(1), a third-degree felony, and one count of attempted intimidation of witness in violation of R.C. 2921.04, a fourth-degree felony. On March 22, 2006, the court sentenced appellant to five years' imprisonment for abduction and six months for attempted intimidation, to run concurrently, for an aggregate sentence of five years in prison.
 II. {¶ 6} In her sole assignment of error, appellant argues that "the lower court abused its discretion by sentencing appellant to the maximum term of incarceration of five years." Specifically, appellant argues that for the following reasons, she should not have received the maximum sentence: she is in the low risk category for committing future crimes; she has no prior convictions; she has no drug habits or *Page 5 
mental illnesses; and she did not cause harm to the victim.
 {¶ 7} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found that several provisions of S.B. 2 violateBlakely v. Washington (2004), 542 U.S. 269. Specifically, the court held:
 "Ohio's sentencing statutes offend the constitutional principles announced in Blakely in four areas. As was reaffirmed by the Supreme Court in Booker, `Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'"
Foster, supra, at 82 (citing United States v. Booker (2005),543 U.S. 220, 224).
 {¶ 8} The Foster court severed R.C. 2929.14(B), 2929.19(B)(2) and2929.14(E)(4), which govern more than the minimum and consecutive sentences, and rendered them unconstitutional. As a result, the trial court is no longer obligated to follow these mandatory guidelines when sentencing a felony offender. "Where sentencing is left to the unguided discretion of the judge, there is no judicial impingement upon the traditional role of the jury." Foster, supra, at ¶ 90.
 {¶ 9} Appellate review of a post-Foster sentence is conducted under an abuse of discretion standard. See State v. Fout, Franklin App. No. 06AP-664, 2007-Ohio-619. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. In addition, pursuant to the Ohio Supreme Court's holding in State v. Mathis, *Page 6 109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 38, courts must keep the following in mind when sentencing a criminal defendant:
 "Although after Foster, the trial court is no longer compelled to make findings and give reasons at the sentencing hearing, * * * nevertheless, in exercising its discretion the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purpose of sentencing, and R.C. 2929.12, which provides guidance in considering the factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by the statutes that are specific to the case itself."
 {¶ 10} The basic prison term for a third-degree felony is one to five years. R.C. 2929.14(A)(3). The instant appeal concerns appellant's five-year sentence for abduction, which is the maximum sentence for this level of offense. At the sentencing hearing, the court summarily sentenced appellant to five years in prison, noting that it was no longer required to make any findings or discuss any factors on the record. However, appellant was sentenced immediately after a child offender classification hearing pursuant to R.C. 2950.091, during which the specifics of the instant offense were discussed in detail. Additionally, the court noted that it took appellant's presentence investigation report into consideration when it sentenced appellant.
 {¶ 11} Appellant argues that she took the baby out of the house on the day in question because she feared for the baby's safety and was considering trying to get legal custody of the child. However, nothing in the record supports this notion. In addition, the proper course of action if one fears for a child's safety is to contact the *Page 7 
authorities, not to deceive and evade them. In reviewing the seriousness and recidivism factors found in R.C. 2929.12(B), we find that appellant abused her position of trust and her relationship with the victim and/or the mother to facilitate this offense. In reviewing the mitigating factors found in R.C. 2929.12(C), (E), we find that appellant has no prior criminal record, and there is no evidence that she expected to cause any physical harm to the victim.
 {¶ 12} In taking these factors into consideration, we cannot say that the court abused its discretion by sentencing appellant to the maximum prison term of five years. Accordingly, appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, J., and ANN DYKE, J., CONCUR *Page 1