{¶ 30} Although I agree appellant's sentence should be affirmed, I disagree with the standard of review applied in the opinion. The opinion outlines a de novo standard *Page 10 
of review for challenges to felony sentences raised under R.C.2929.12. I believe the appropriate standard of review is abuse of discretion and therefore write separately.
 {¶ 31} R.C. 2929.12 expressly states that a court that imposes a sentence upon an offender for a felony "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11."
 {¶ 32} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court held: "[T]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more that the minimum sentences." Id. at ¶ 100. Thus, afterFoster, when a defendant challenges the imposition of non-minimum sentences, the proper standard of review to be applied is that of abuse of discretion. Id. at ¶ 100 and 102.
 {¶ 33} After the Supreme Court's decision in Foster, appellate courts have repeatedly held that an abuse of discretion standard now applies in reviewing felony sentences.
 {¶ 34} The Second Appellate District held that, pursuant toFoster, the "appellate court standard of review on sentencing issues is now abuse of discretion." State v. Slone, 2d Dist. Nos. 2005 CA 79 and 2006 CA 75, 2007-Ohio-130, at ¶ 7.
 {¶ 35} In State v. Schweitzer, 3d Dist. No. 2-06-25, 2006-Ohio-6087, the Third Appellate District held: "Foster altered the appellate court's standard of review for sentencing appeals from clear and convincing to abuse of discretion. Foster, supra, at ¶ 100 and 102. Accordingly, an appellate court reviews felony sentencing cases under the abuse of discretion standard of review. * * *" Id. at ¶ 19. *Page 11 
 {¶ 36} The Fifth Appellate District also recognized thatFoster changed the standard of review of felony sentences. In State v.Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, the court held: [W]e conclude that post-Foster; this Court reviews the imposition of consecutive sentences under an abuse of discretion standard. Furthermore, when applying the abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court." Id. at ¶ 40.
 {¶ 37} The Sixth Appellate District has recently held that, pursuant to Foster, appellate courts apply an abuse of discretion standard in reviewing sentencing. State v. Kerr, 6th Dist. No. WD-05-080,2006-Ohio-6058. The court held: "A sentence will not be disturbed absent a trial court's abuse of discretion." Id. at ¶ 36.
 {¶ 38} "The Ninth Appellate District also ruled on the post-Foster standard of review in State v. Dossie, 9th Dist. No. 23117,2006-Ohio-5053. The court held: "Foster altered this Court's standard of review which was previously a clear and convincing error standard. * * * Accordingly, this Court reviews appellant's sentence utilizing an abuse of discretion standard. * * *" Id. at ¶ 25. (Citations omitted.) See, also, State v. Jones, 9th Dist. No. 23316, 2007-Ohio-239.
 {¶ 39} The Tenth Appellate District recently held that post-Foster, appellate courts review sentencing under an abuse of discretion standard. State v. Fout, 10th Dist. No. 06AP-664, 2007-Ohio-619. The court held: "In Foster, the Supreme Court of Ohio held that R.C.2953.08(G) no longer applies insofar as it refers to review of findings made pursuant to the severed statutory sections, including, as relevant here, R.C. 2929.14(B), which required judicial fact-finding to overcome presumptive minimum terms in certain circumstances. See Foster at ¶ 97, 99. Now, `* * * trial courts have full *Page 12 
discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.' Id. at ¶ 100. Thus, after Foster, when a defendant challenges the imposition of non-minimum sentences, the proper standard of review to be applied is that of abuse of discretion." Id. at ¶ 10.
 {¶ 40} This Court has held that post-Foster, we apply an abuse of discretion standard when reviewing felony sentences that are within the statutory range. State v. Lloyd, 11th Dist. No. 2006-L-185,2007-Ohio-3013, at ¶ 36. Our holding is consistent with the Second, Third, Fifth, Sixth, Ninth, and Tenth Appellate Districts. Therefore, I would hold that an abuse of discretion standard of review is appropriate in this case.