DECISION
{¶ 1} Defendant-appellant, Kimberly S. Kendall, appeals from judgments of conviction and sentences entered by the Franklin County Court of Common Pleas pursuant to a jury verdict finding appellant guilty of three counts of rape and one count of felonious sexual penetration. The current appeal raises only issues related to sentences beyond the minimum for the offenses involved and the imposition of consecutive, rather than concurrent, sentences. *Page 2 
 {¶ 2} This case is before us for the second time and, due to the intervening decision by the Supreme Court of Ohio in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, severing and voiding certain of Ohio's applicable sentencing statutes, we must consider the chronology of the present case.
 {¶ 3} The trial court initially imposed sentence on August 29, 2000. This court initially affirmed appellant's conviction in all respects.State v. Kendall (June 21, 2001), Franklin App. No. 00AP-1098 (Memorandum Decision). We then granted appellant's motion to reopen the appeal and reexamine the issue of consecutive sentences. The state conceded that the trial court had failed to make the required findings on the record for imposition of consecutive sentences underpre-Foster sentencing law. We reversed and remanded on this issue only.State v. Kendall, Franklin App. No. 00AP-1098, 2002-Ohio-3557.
 {¶ 4} On remand, the trial court held a new sentencing hearing, again imposing a life sentence on the rape with force count, a reduced sentence of five years on the second rape count (reduced from nine years), to be served consecutively, and a further nine-year sentence on the third rape count to be served concurrently. The court then imposed a life sentence on the count of felonious sexual penetration with use of force to run concurrent with the rape life sentence.
 {¶ 5} After appellant's appeal had been filed from this last sentencing hearing, the Supreme Court of Ohio issued its decision inFoster. We accordingly disposed of the appeal from the second sentencing hearing by summarily remanding the case for yet another sentencing hearing applying the law set forth by the Supreme Court of Ohio in *Page 3 Foster. The trial court then imposed an identical sentence, and the present appeal ensued.
 {¶ 6} Appellant brings the following assignments of error:
 ASSIGNMENT OF ERROR I
 The trial court violated Revised Code Section 2929.11 by failing to consider the requisite sentencing factors before imposing Ms. Kendall's sentence.
 ASSIGNMENT OF ERROR II
 The trial [court] denied Ms. Kendall due process of law by failing to provide its reasons for imposing consecutive sentences. Fifth and Fourteenth Amendments to the United States Constitution; Section 16, Article I of the Ohio Constitution.
 ASSIGNMENT OF ERROR III
 The trial court erred by imposing non-minimum, consecutive sentences in violation of the Due Process and Ex Post Facto Clauses of the United States Constitution. Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Blakely v. Washington (2004), 542 U.S. 296; United States v. Booker (2005), 543 U.S. 220.
 ASSIGNMENT OF ERROR IV
 The trial court committed plain error and denied Ms. Kendall due process of law by imposing non-minimum and consecutive sentences. Fifth and Fourteenth Amendments to the United States Constitution; Section 16, Article I of the Ohio Constitution.
 ASSIGNMENT OF ERROR V
 The trial court did not have the authority to impose a non-minimum sentence. *Page 4 
 {¶ 7} Appellant's first assignment of error asserts that the trial court did not express at the latest sentencing hearings its reasoning in imposing the chosen sentence upon appellant. Specifically, appellant asserts that the trial court did not reference the public purposes of sentencing set forth in R.C. 2929.11, such as punishment, deterrence, restitution, rehabilitation, and furtherance of public safety.
 {¶ 8} The trial court's sentencing entry specifically states that the court considered the purposes and principles of sentencing set forth in R.C. 2929.11 and 2929.12. We have on many occasions held that such a notation in the sentencing entry, absent a specific rebuttal from the defendant pointing to evidence indicating that the trial court failed to consider the public purposes of sentencing under Ohio law, is sufficient to establish that the trial court considered the purposes and principles of sentencing and properly applied the law. State v. Todd, Franklin App. No. 06AP-1208, 2007-Ohio-4307; State v. Daniel, Franklin App. No. 05AP-564, 2006-Ohio-4627; and State v. Braxton, Franklin App. No. 04AP-725, 2005-Ohio-2198.
 {¶ 9} Because appellant cannot point to any facts and circumstances in the record that demonstrate the trial court's failure to comply with R.C. 2929.11 and 2929.12, appellant's first assignment of error is overruled.
 {¶ 10} Appellant's final four assignments of error raise constitutional challenges to the trial court's application ofFoster in sentencing appellant, and will accordingly be considered together.
 {¶ 11} In Foster, the Supreme Court of Ohio held that, under the United States Supreme Court's decisions in Apprendi v. New Jersey
(2000), 530 U.S. 466, *Page 5 120 S.Ct. 2348, and Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, portions of Ohio's statutory sentencing scheme were unconstitutional. Specifically, the court found that R.C. 2929.14(B), which required that express judicial findings be made on the record to overcome a presumption in favor of minimum and concurrent terms, was violative of a criminal defendant's right to have all elements of his offense tried to and passed upon by a jury.
 {¶ 12} Appellant argues that the remedy adopted by the Supreme Court of Ohio in Foster, that is, severance of the unconstitutional portions of R.C. 2929.14(B), operates as an ex post facto law because it inflicts greater punishment upon her than she would have facedpre-Foster, when the presumption of a minimum sentence would have applied. In addition, appellant argues that the Supreme Court of Ohio should only have severed the mandatory judicial fact-finding aspects of R.C. 2929.14, and left the presumption of a minimum sentence in place.
 {¶ 13} Neither argument is well-taken. We are bound to apply the precedent set by this state's highest court in Foster as it is written, and this court has repeatedly reaffirmed as much. State v.Alexander, Franklin App. No. 06AP-501, 2006-Ohio-6375; State v.Fout, Franklin App. No. 06AP-664, 2007-Ohio-619; State v. Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899. Appellant may not, therefore, argue before this court that we must reshape the expressly-stated statutory severance remedy defined by the Supreme Court of Ohio in Foster, either with respect to maintenance of a presumption of minimum sentence or precluding retroactive application of the judicially modified sentencing statement. *Page 6 
 {¶ l4} Appellant's second, third, fourth, and fifth assignments of error are accordingly overruled.
 {¶ 15} In summary, appellant's five assignments of error are overruled, and the judgments of the Franklin County Court of Common Pleas sentencing appellant are affirmed in all respects.
Judgments affirmed.
 FRENCH and TYACK, JJ., concur. DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1