OPINION
{¶ 1} Appellant, Mark A. Lloyd, appeals the sentence imposed on him by the Lake County Court of Common Pleas. At issue is whether his sentence is contrary to law. For the reasons that follow, we affirm.
 {¶ 2} Statement of Facts and Procedural History
 {¶ 3} On April 19, 2005, appellant and his twin brother went to the BP gas station on Bishop Road in Willoughby Hills. They entered the store, jumped over the *Page 2 
counter, and, while armed with a knife and box cutter, ordered the clerk, Seid Tanovic ("Mr. Tanovic"), to open the cash register. Mr. Tanovic opened the drawer. Appellant and his accomplice took $344.15 from the cash register, and then walked out the front door. Mr. Tanovic reported the crime to the Willoughby Hills Police Department. Ptl. Bordelon responded to the scene.
 {¶ 4} Mr. Tanovic's description of the two males reminded Ptl. Bordelon of twin brothers who were involved in an incident at the same BP gas station on April 18, 2005. On that date, appellant and his brother were identified as having unlawfully received alcohol purchased by another male at that BP gas station. The BP manager obtained the surveillance tape of the subject robbery, which showed appellant and his brother jumping over the counter and taking money out of the cash drawer.
 {¶ 5} Appellant was charged in a one-count information with robbery in violation of R.C. 2911.02(A)(1), a felony of the second degree. The sentencing range for this offense is two, three, four, five, six, seven, or eight years. On June 24, 2005, appellant entered a written guilty plea to robbery. On August 1, 2005, the trial court sentenced appellant to four years in prison.
 {¶ 6} Appellant appealed his sentence to this court under Case No. 2005-L-144. While that appeal was pending, the Supreme Court of Ohio entered its decision in State v. Foster (2006), 109 Ohio St.3d 1,2006-Ohio-856. We vacated appellant's sentence and remanded the case to the trial court for resentencing consistent with Foster.
 {¶ 7} At the sentencing hearing on August 3, 2006, the state requested that the trial court reimpose its earlier sentence of four years. Appellant presented various witnesses on his behalf and submitted letters from supporters to the court. He asked for *Page 3 
a community control sanction or, alternatively, two years in prison. The court sentenced appellant to a definite term of four years in prison. Appellant appeals the trial court's resentencing, asserting the following assignments of error:
 {¶ 8} "[1.] The trial court erred to the prejudice of the appellant when it sentenced him to prison which sentence is contrary to law.
 {¶ 9} "[2.] The trial court erred to the prejudice of the appellant when it sentenced him to more than the minimum prison term which sentence is contrary to law.
 {¶ 10} "[3.] The trial court erred when it sentenced the defendant-appellant to prison instead of community control and in sentencing him to more than the minimum prison term based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury.
 {¶ 11} "[4.] The trial court erred when it sentenced the defendant-appellant to prison instead of community control and in sentencing him to more than the minimum prison term."
 {¶ 12} Appellant's first, second, and third assignments of error raise similar issues, and for the sake of clarity will be addressed together.
 {¶ 13} Prison Sentence and More than the Minimum Term
 {¶ 14} Appellant argues the trial court erred in sentencing him to prison and in sentencing him to more than the minimum term. While appellant concedes a trial court has "discretion to impose a prison term within the statutory range," he argues the applicable standard of review is the clear and convincing standard set forth at R.C. 2953.08(G). Based upon the analysis that follows, we disagree. *Page 4 
 {¶ 15} Statutory Sentencing Structure and Standard of Review
 {¶ 16} Prior to the adoption of Am. Sub. S.B. 2, trial courts had full discretion in sentencing criminal defendants. Toledo v. Reasonover
(1965), 5 Ohio St.2d 22, paragraph one of the syllabus. In enacting S.B. 2, the General Assembly adopted a comprehensive sentencing structure intended to promote truth in sentencing. R.C. 2929.14 established a range of prison terms for felonies. That statute also restricted a court's discretion by imposing fact-finding requirements on judges before they imposed more than the minimum, maximum, or consecutive prison terms.
 {¶ 17} As part of S.B. 2, the General Assembly enacted a provision concerning appellate review of sentences. R.C. 2953.08(G)(2) provides in pertinent part:
 {¶ 18} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for [sic] review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 19} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 20} "(b) That the sentence is otherwise contrary to law."
 {¶ 21} R.C. 2953.08(G)(2) thus provides that a sentence will not be disturbed on appeal unless the reviewing court finds by clear and convincing evidence that the record *Page 5 
does not support the sentencing court's findings or the sentence is otherwise contrary to law.
 {¶ 22} But then came Foster. In Foster, the Supreme Court held: "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 23} The court further held that the standard of review set forth at R.C. 2953.08(G)(2) no longer applies to sentences within the statutory range. The court held: "The appellate statute R.C. 2953.08(G), insofar as it refers to the severed sections, no longer applies." Id. at ¶ 99.
 {¶ 24} After the Supreme Court's decision in Foster, appellate courts have repeatedly held that an abuse of discretion standard now applies in reviewing felony sentences.
 {¶ 25} The Second Appellate District held that, pursuant toFoster, the "appellate court standard of review on sentencing issues is now abuse of discretion." State v. Slone, 2d Dist. Nos. 2005 CA 79 and 2006 CA 75, 2007-Ohio-130, at ¶ 7.
 {¶ 26} The Third Appellate District held in State v. Schweitzer, 3d Dist. No. 2-06-25, 2006-Ohio-6087: "Foster altered the appellate court's standard of review for sentencing appeals from clear and convincing to abuse of discretion. Foster, 2006 Ohio 856, at ¶ 100 and 102. Accordingly, an appellate court reviews felony sentencing cases under the abuse of discretion standard of review. * * *" Id. at ¶ 19. *Page 6 
 {¶ 27} The Fifth Appellate District also recognized thatFoster changed the standard of review of felony sentences. In State v.Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, the court held:
 {¶ 28} "Prior to the passage of S.B. 2 it was well settled that the decision whether a criminal defendant is to serve the sentences for all his crimes consecutively or concurrently is a matter committed to the sound discretion of the trial court * * * Therefore, we conclude that post-Foster, this Court reviews the imposition of consecutive sentences under an abuse of discretion standard. Furthermore, when applying the abuse of discretion standard, an appellate court may not generally substitute its judgment for that of the trial court." Id. at ¶ 40.
 {¶ 29} The Sixth Appellate District has recently held that, pursuant to Foster, appellate courts apply an abuse of discretion standard in reviewing sentencing. State v. Kerr, 6th Dist. No. WD-05-080,2006-Ohio-6085. The court held: "A sentence will not be disturbed absent a trial court's abuse of discretion." Id. at ¶ 36.
 {¶ 30} The Ninth Appellate District also held that post-Foster, appellate courts review felony sentences under an abuse of discretion standard. In State v. Windham, 9th Dist. No. 05CA0033,2006-Ohio-1544, the court held:
 {¶ 31} "However, Foster did modify an appellate court's standard of review concerning sentencing. Pre-Foster, an appellate court could increase, reduce, modify or vacate and remand a sentence if it found, by clear and convincing evidence, that the record did not support the trial court's findings of fact or that the sentence was otherwise contrary to law. R.C. 2953.08(G)(2). The Foster Court's removal of R.C.2953.08(G)(2) *Page 7 
from the statutory sentencing scheme eliminated the clear and convincing standard and left a void concerning the applicable standard of review in sentencing matters.
 {¶ 32} "The Foster Court `concluded that trial courts have full discretion to impose a prison sentence within the statutory range' and `vested sentencing judges with full discretion' in sentencing.Foster at ¶ 100. Therefore, we conclude that post-Foster, this Court reviews felony sentences under an abuse of discretion standard. * * *" Id. at ¶ 11-12.
 {¶ 33} The Ninth Appellate District also ruled on the post-Foster standard of review in State v. Dossie, 9th Dist. No. 23117,2006-Ohio-5053. The court held: "Foster altered this Court's standard of review which was previously a clear and convincing error standard. * * * Accordingly, this Court reviews appellant's sentence utilizing an abuse of discretion standard. * * *" Id. at ¶ 25. (Citations omitted.) See, also, State v. Jones, 9th Dist. No. 23316, 2007-Ohio-239.
 {¶ 34} The Tenth Appellate District recently held that post-Foster, appellate courts review sentencing under an abuse of discretion standard. State v. Fout, 10th Dist. No. 06AP-664, 2007-Ohio-619. The court held:
 {¶ 35} "In Foster, the Supreme Court of Ohio held that R.C. 2953.08(G) no longer applies insofar as it refers to review of findings made pursuant to the severed statutory sections, including, as relevant here, R.C. 2929.14(B), which required judicial fact-finding to overcome presumptive minimum terms in certain circumstances. See Foster at ¶ 97, 99. Now, `* * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences.' Id. at ¶ 100. *Page 8 
Thus, after Foster, when a defendant challenges the imposition of non-minimum sentences, the proper standard of review to be applied is that of abuse of discretion." Id. at ¶ 10.
 {¶ 36} We find the holdings of the Second, Third, Fifth, Sixth, Ninth, and Tenth Appellate Districts to be persuasive and in harmony withFoster. Accordingly, we hold that post-Foster, in reviewing felony sentences within the statutory range, we apply an abuse of discretion standard. An abuse of discretion is more than an error in judgment or law; rather, it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Further, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621, 1993-Ohio-122.
 {¶ 37} To the extent that our holding concerning the standard of review is inconsistent with any previous decision of this court, such decision is hereby modified to be consistent with our holding today.
 {¶ 38} Prison versus Community Control Sanction
 {¶ 39} Appellant argues that he should have been sentenced to a community control sanction or, in the alternative, that he was entitled to a presumptive minimum term of imprisonment. Prior to Foster, R.C.2929.14(B) required a sentencing court to impose the minimum prison term authorized for the offense, unless the trial court made specific findings of fact set forth in the statute. The Supreme Court inFoster severed all references in the sentencing statute to mandatory judicial factfinding. Foster, supra, at ¶ 96. The court held: "All references to mandatory judicial factfinding properly may be *Page 9 
eliminated * * *. Without the mandatory judicial factfinding there is nothing to suggest a `presumptive term.'" Id. The court held:
 {¶ 40} "The following sections, because they either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption, have no meaning now that judicial findings are unconstitutional: R.C. 2929.14(B), 2929.14(B)(2), and 2929.41. These sections are severed and excised in their entirety, as is R.C.2929.14(C), which requires judicial factfinding for maximum prison terms, and 2929.14(E)(4), which requires judicial findings for consecutive terms. * * *" Id. at ¶ 97.
 {¶ 41} The court held: "Removing presumptive terms and preserving the remainder of the sentencing provisions of the Code most effectively preserve the General Assembly's goal of truth in sentencing." Id. at ¶ 102.
 {¶ 42} Foster thus severed all references to mandatory judicial factfinding, and held that the presumptive terms in R.C. 2929.14 are eliminated. Appellant's reliance on State v. Stambolia, 11th Dist. No. 2003-T-0053, 2004-Ohio-6945, at ¶ 31, is misplaced. In that case we held that, pursuant to R.C. 2929.14(B), "[sentencing law carries a presumption that a defendant who has not previously served a prison term should receive the minimum term." That holding has been overruled byFoster, and is no longer binding authority. Further, appellant's argument that the trial court was required to make the factual findings set forth at R.C. 2929.14(B) before imposing a more than the minimum sentence on him is incorrect. Foster held that trial courts exercise full discretion in sentencing offenders, and eliminated the requirement that courts make findings of fact or set forth their reasons in imposing sentences. Therefore, contrary to appellant's argument, he is not entitled to any presumptions concerning imprisonment. *Page 10 
 {¶ 43} The court in Foster held, however, that trial courts must still comply with R.C. 2929.11, R.C. 2929.12, R.C. 2929.13, and the remaining provisions of R.C. 2929.14.
 {¶ 44} The court in Foster held that R.C. 2929.11 and R.C. 2929.12
apply as a general guide for every sentencing. Id. at ¶ 36. The court held that these two sections do not mandate judicial fact-finding; rather, in exercising its discretion, a court is merely required to "consider" the purposes of sentencing in R.C. 2929.11 and the statutory guidelines and factors set forth in R.C. 2929.12. Id. at ¶ 36-42. See, also, State v. Mathis (2006), 109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 38. Thus post-Foster, trial courts are still required to consider the general guidance factors in sentencing.
 {¶ 45} R.C. 2929.11(A) provides a trial court that sentences an offender for a felony conviction must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender."
 {¶ 46} R.C. 2929.11(B) provides that a felony sentence must be reasonably calculated to achieve the purposes set forth under R.C.2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 47} The trial judge stated he considered the purposes and principles of felony sentencing of R.C. 2929.11. He said he considered the seriousness factors of R.C. 2929.12 in sentencing appellant. The court noted the psychological injury sustained by the clerk from being confronted by two men armed with a knife and box cutter and the economic harm sustained by BP. The court also considered the recidivism factors of *Page 11 
R.C. 2929.12. The court referenced appellant's prior adjudication as a delinquent for aggravated assault with a knife in 2002; his failure at rehabilitation following that offense; his commission of the current crime with an accomplice; and his alcohol and drug abuse. The court also noted appellant's genuine remorse.
 {¶ 48} R.C. 2929.13, which provides directives relating to felony degrees, was left intact by Foster. The court held that R.C. 2929.13(D) sets forth a presumption in favor of prison for felonies of the first or second degree. However, notwithstanding this presumption, a court may impose a community control sanction if it finds such sanction would adequately punish the offender and protect the public from future crime and would not demean the seriousness of the offense. Foster, supra, at ¶ 43. R.C. 2929.13(D) requires findings of fact only when the trial court overcomes the presumption of imprisonment, i.e., only for downward departures in sentencing. Mathis, supra, at ¶ 27. The court held: "Judicial findings must be provided only for downward departures, such as when a court refuses to impose the presumptive prison term under R.C.2929.13(D) or when a court grants a judicial release. See R.C. 2929.20(H)." Id.
 {¶ 49} The trial court correctly noted that the charge of robbery is subject to a presumption in favor of a term of imprisonment under R.C.2929.13(D). After weighing these factors, the court noted that a term of imprisonment was consistent with the purposes and principles of sentencing; the presumption in favor of prison in R.C. 2929.13 had not been overcome; and appellant was not amenable to any available community control sanction. Appellant pleaded guilty to robbery, a felony of the second degree. He was therefore subject to a prison term of two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2); R.C.2911.02. Appellant's sentence of four years is *Page 12 
thus within the mid-range of sentencing options for the offense of robbery. We, therefore, hold that the trial court did not abuse its discretion in sentencing appellant to a term of imprisonment or in sentencing him to a definite term of four years in prison.
 {¶ 50} Consistency in Sentencing
 {¶ 51} Appellant next argues that his sentence is inconsistent with the sentences of similar offenders for similar offenses. R.C. 2929.11(B) requires consistency when applying Ohio's sentencing guidelines. We have held that sentencing consistency is not derived from the trial court's comparison of the current case to prior sentences for similar offenders and similar offenses. State v. Spellman (2005), 160 Ohio App.3d 718,2005-Ohio-2065 at ¶ 12. Instead, "it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency." State v. Swiderski, 11th Dist. No. 2004-L-112,2005-Ohio-6705, at ¶ 58. See, also, State v. Quine, 9th Dist. No. 20968, 2002-Ohio-6987. The court in Quine held: "The only way for Appellant to demonstrate that his sentence was `inconsistent' * * * is if he establishes that the trial court failed to properly consider the factors and guidelines contained in R.C. 2929.12, R.C. 2929.13 and R.C. 2929.14. These sections, along with R.C. 2929.11, create consistency in sentencing." Id. at ¶ 13. Thus, in order to show a sentence is inconsistent, a defendant must show the trial court failed to properly consider the statutory guidelines and factors.
 {¶ 52} Here, appellant's position that consistency in a sentence is determined by a numerical comparison to other sentences for similar crimes lacks merit. Simply because a defendant's sentence is not identical to sentences in other cases does not imply that his sentence is inconsistent with sentences of other similarly situated offenders. *Page 13 
 {¶ 53} While we do not believe a numerical comparison to other sentences is dispositive of the issue of consistency, we note that courts have imposed similar sentences on similarly situated offenders. In the sentencing cases cited by appellant, the defendants received sentences of four years in prison for their respective robbery convictions. In one of the cited cases, the defendant, who had a prior criminal record, received a sentence of four years. We note that appellant had a prior delinquency adjudication for aggravated assault. Thus, even a review of the cases appellant cites in support of his inconsistency argument reveals that those defendants were also sentenced to four year prison terms for robbery. These cases support appellant's sentence. Finally, we note that the trial court also sentenced appellant's accomplice to four years in prison. We do not agree that because appellant's brother had another conviction, which appellant did not have, appellant's sentence was inconsistent. The record is not clear as to the nature and circumstances of the brother's prior conviction. However, the court noted the differences between the brothers was not significant enough to warrant disparate sentences. We hold that appellant's sentence was consistent with the sentences of other offenders in similar cases.
 {¶ 54} R.C. 2929.14(B)
 {¶ 55} We do not agree with appellant's argument that the trial court was required to make the findings set forth at R.C. 2929.14(B) before sentencing him to more than the minimum prison term. Foster eliminated this requirement. We have reviewed the transcript of the sentencing hearing, which shows that the court sentenced appellant without making any of the R.C. 2929.14(B) findings. *Page 14 
 {¶ 56} Accordingly, appellant's first, second, and third assignments of error are without merit.
 {¶ 57} Due Process and Ex Post Facto Challenges
 {¶ 58} In his fourth assignment of error, appellant argues that his sentence violates the due process and ex post facto clauses of the Ohio and United States Constitutions and the rule of lenity because he committed his crime prior to the Supreme Court of Ohio's decision inFoster, supra, but was sentenced pursuant to the post-Foster version of R.C. 2929.14. This court has recently addressed appellant's arguments in the case of State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011. In Elswick, we held the same arguments raised in this assignment of error to be without merit. Id.
 {¶ 59} Appellant also argues that Foster violates the ex post facto clause by depriving him of the presumption of minimum sentences in R.C.2929.14(B). The Tenth Appellate District considered and rejected this argument in Fout, supra. The court held:
 {¶ 60} "As the Foster court noted, once the mandatory judicial fact-finding is properly eliminated from R.C. 2929.14, `there is nothing to suggest a "presumptive term."' Foster, at ¶ 96. Therefore, the court held, the sections that `* * * either create presumptive minimum or concurrent terms or require judicial fact-finding to overcome the presumption, have no meaning now that judicial findings are unconstitutional[.]' Id. at ¶ 97. Thus, at the time that appellant committed his crime, the law did not afford him an irrebuttable presumption of a minimum sentence. As such, Foster does not violate appellant's right to due process and does not operate as an ex post facto law. *Page 15 
 {¶ 61} "But appellant now seeks the benefit of an irrebuttable presumption of minimum sentences, even though such a presumption never existed, arguing that we should order the trial court to apply part ofFoster to him but not all of it. For all of the foregoing reasons, however, we cannot do so. * * *" Id. at ¶ 6-7.
 {¶ 62} Voluntary Plea
 {¶ 63} Finally, appellant argues that his guilty plea was not voluntary because it was "induced by incorrect legal advice" concerning the effect of the later Foster decision on the statutory presumption of minimum sentences. He argues his "decision to plead as charged to multiple counts (sic) was based * * * on the belief that the court could not freely sentence him to maximum consecutive terms." We note that appellant was not sentenced to "maximum consecutive terms" or on "multiple counts," and thus this part of his argument has no application to the instant case. Essentially, appellant posits that his plea was rendered involuntary because his counsel correctly advised him at the time of the plea change as to the state of Ohio's sentencing law, but failed at the same time to predict the future and advise him thatFoster, decided eight months after his guilty plea, would invalidate the presumption in favor of minimum sentences in S.B. 2.
 {¶ 64} If appellant is presenting an ineffective assistance of counsel argument, it must fail. The standard of review for ineffective assistance of counsel is: one, whether the representation of trial counsel fell below an objective standard of reasonableness and two, whether the defendant was prejudiced as a result of the deficient performance. Under this standard the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced him so as to deprive him of a fair trial. Strickland v. Washington
(1984), 466 U.S. 668. *Page 16 
 {¶ 65} The Supreme Court in Strickland, supra, held: "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's performance was reasonable considering all the circumstances. * * * Judicial scrutiny of counsel's performance must be highly deferential. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, supra, at 689. There is a strong presumption that the attorney's performance was reasonable. Id. In the context of a guilty plea, the defendant must demonstrate that there is a reasonable probability that, but for his counsel's error, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart
(1985), 474 U.S. 52, 58-59; see, also, State v. Curd, 11th Dist. No. 2003-L-030, 2004-Ohio-7222, at ¶ 110.
 {¶ 66} A claim that a guilty plea was induced by ineffective assistance of counsel must be supported by evidence where the record of the guilty plea shows it was voluntarily made. State v. Malesky (Aug. 27, 1992), 8th Dist. No. 61290, 1992 Ohio App. LEXIS 4378; see, also,State v. Kapper (1983), 5 Ohio St.3d 36. In Malesky, the court held: "A naked allegation by a defendant of a guilty plea inducement, is insufficient to support a claim of ineffective assistance of counsel, and would not be upheld on appeal unless it is supported by affidavits or other supporting materials, substantial enough to rebut the record which shows that his plea was voluntary." Id. at *5.
 {¶ 67} In determining whether a guilty plea is knowingly, intelligently, and voluntarily entered, the reviewing court must look to the totality of the circumstances. State v. Carter (1979),60 Ohio St.2d 34, 38. "The voluntariness of [a guilty] plea can be *Page 17 
determined only by considering all of the relevant circumstances surrounding it." Brady v. United States (1970), 397 U.S. 742, 749.
 {¶ 68} The United States Supreme Court has held: "[A] voluntary plea of guilty intelligently made in light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." Brady, supra, at 757. It has further been held that "a guilty plea colloquy is not deficient solely because the district court did not advise a defendant of rights established by subsequent judicial decisions or changes in the law." United States v.Pacheco-Navarette (C.A. 9, 2005), 432 F.3d 967, 969.
 {¶ 69} Appellant in his written guilty plea stated that his attorney explained to him the robbery charge, the plea bargain, the potential sentence, and the presumption of a term of imprisonment. He said the court explained his trial and constitutional rights, and he waived these rights. He stated: "I am voluntarily pleading guilty of my own free will. * * *" He stated he was not under the influence of alcohol or drugs, and that no threats had been made to him. Further, his counsel represented he had reviewed the plea agreement and the consequences of entering the guilty plea with him. In the court's judgment entry, dated June 30, 2005, the judge stated that after advising appellant of his rights and finding that he understood his rights and that his plea was being entered voluntarily, he accepted appellant's guilty plea and found him guilty.
 {¶ 70} Appellant does not claim that his counsel or the court failed to provide him with information concerning any of the matters referred to in Crim.R. 11. Nor does he claim that he was provided with incorrect information concerning any such matter. Instead, he claims that his counsel should have predicted the Supreme Court's later *Page 18 
decision in Foster and advised him accordingly. Crim.R. 11 does not require counsel to predict future decisions of the Supreme Court and advise his or her client of such anticipated changes in order for a guilty plea to be considered voluntary. A guilty plea is therefore not rendered involuntary because an attorney or the sentencing judge fails to anticipate a change in the law, and advise the defendant about a change that has not yet occurred. The record below demonstrates that appellant's guilty plea was voluntarily entered.
 {¶ 71} We note that the record below does not include the transcript of appellant's guilty plea hearing. Where "a transcript of the guilty plea hearing is not available, we cannot adequately determine whether appellant fully understood the sentencing consequences of his guilty plea, or what effect the alleged misinformation would have had on his guilty plea. * * *" State v. Mack, 11th Dist. No. 2005-P-0033,2006-Ohio-1694, at ¶ 19. When portions of the transcript necessary to resolve issues are not part of the record on appeal, we must presume regularity in the trial court proceedings and affirm. Id. at ¶ 17; see, also, Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 72} Since trial counsel was not obligated to predictFoster and advise appellant of its holding at the time of his guilty plea, counsel's representation did not fall below an objective standard of reasonableness under Strickland. Further, appellant cannot meet the second prong of the Strickland test requiring prejudice because there is no evidence in the record to show he would not have pleaded guilty and would instead have insisted on a trial if his attorney had advised him of the effect of Foster.
 {¶ 73} Accordingly, appellant's fourth assignment of error is without merit. *Page 19 
 {¶ 74} For the reasons stated in the opinion of this court, the assignments of error are without merit, and the judgment of the Lake County Court of Common Pleas is affirmed.
COLLEEN MARY OTOOLE, J., concurs in judgment only in part with Concurring Opinion,
GENE DONOFRIO, J., Seventh Appellate District, sitting by assignment, concurs.