[Cite as *State v. DiGiorgi*, 2015-Ohio-5208.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-L-131** |
| FRANCESCO D. DIGIORGI, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 13 CR 000864.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Aaron T. Baker,* 38109 Euclid Avenue, Willoughby, OH 44094 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} In the following appeal, submitted on the briefs of the parties, appellant, Francesco D. Digiorgi, contests the judgment entered by the Lake County Court of Common Pleas sentencing him to ten years imprisonment. We affirm.

{¶2} On December 23, 2013, appellant was indicted on the following counts: Count One, burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(2), with a firearms specification, in violation of R.C. 2941.141; Count Two, burglary, a

felony of the second degree, in violation of R.C. 2911.12(A)(2); Count Three, burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(2); Count Four, receiving stolen property, a felony of the fourth degree, in violation of R.C. 2913.51(A); Count Five, burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(2); Count Six, burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(2); Count Seven, burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(2); Count Eight, burglary, a felony of the second degree, in violation of R.C. 2911.12(A)(2); Count Nine, possessing criminal tools, a felony of the fifth degree, in violation of R.C. 2923.24; Count Ten, burglary, a felony of the second degree, in violation of R.C. 2911.12(A); Count Eleven, possessing criminal tools, a felony of the fifth degree, in violation of R.C. 2923.24; Count Twelve, possessing criminal tools, a felony of the fifth degree, in violation of R.C. 2923.24; Count Thirteen, receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fifth degree; and Count Fourteen, receiving stolen property, in violation of R.C. 2913.51(A), a felony of the fifth degree.

{¶3} Appellant pleaded not guilty, but later entered a plea of guilty to six burglaries (Counts One, Two, Three, Five, Six, and Eight), including a one-year firearm specification; three of the burglaries were felonies of the second degree and the remaining three were reduced to felonies of the third degree. The remaining counts were dismissed. The court accepted appellant's plea of guilty and ordered a presentence report ("PSI") and a drug and alcohol evaluation.

{¶4} The matter came on for sentencing and, after reviewing the PSI, the drug and alcohol report, the victim impact statements, as well as considering the comments from defense counsel and the prosecution, the trial court issued the following sentence:

12 months for Count One; two years for Count Two; two years for Count Three; 12 months for Count Five; 12 months for Count Six; two years for Count Eight; and one year for the firearms specification. The court ordered the terms to be served consecutively to one another, for an aggregate term of 10 years imprisonment. The court further ordered restitution to all the victims of appellant's burglaries. Appellant now appeals and assigns the following as error:

{¶5} "The trial court erred by sentencing appellant to a term of ten years in prison where its findings were not supported by the record and the trial court failed to give careful and substantial deliberation to the relevant statutory considerations."

{¶6} In reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). That section directs the appellate court "to review the record, including the findings underlying the sentence" and to modify or vacate the sentence "if it clearly and convincingly finds * * * (a) [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code * * * [or] (b) [t]hat the sentence is otherwise contrary to law."

{¶7} Appellant does not contest the trial court's imposition of consecutive sentences; instead, he argues the trial court's sentence is contrary to law because it failed to give proper consideration to the R.C. 2929.11 and R.C. 2929.12 factors. In particular, appellant asserts the trial court failed to give appropriate weight to certain mitigating factors such as his drug problem and his relatively young age. We do not agree.

{¶8} The Supreme Court of Ohio in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, held that R.C. 2929.11 and R.C. 2929.12 do not mandate judicial fact-finding.

3

*Foster* at ¶42. Rather, "[t]he court is merely to 'consider' the statutory factors." *Id.* Thus, in sentencing a defendant for a felony, "a court is merely required to 'consider' the purposes and principles of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12." *State v. Lloyd*, 11th Dist. Lake No. 2006-L-185, 2007-Ohio-3013, ¶44. The trial court satisfies its obligation to consider the seriousness and recidivism factors in R.C. 2929.12 by stating that it considered them. *State v. Whitman*, 11th Dist. Lake No. 2011-L-131, 2012-Ohio-3025, ¶12-13.

{¶9} At the sentencing hearing, the trial court made the following statements on record:

{¶10} I've considered the record, the oral statements made, the victim impact statements, the pre-sentence report, drug and alcohol evaluation, my conference in chambers with counsel and probation, and the statements of the defendant and the defendant's counsel. The court has also considered the overriding purposes of felony sentencing pursuant to Revised Code 2929.11 which are to protect the public from future crime by this offender and others similarly minded, and to punish this offender using the minimum sanctions that the Court determines accomplish the purposes without imposing an unnecessary burden on state or local governmental resources. I have considered the need for incapacitation, deterrence, rehabilitation, and restitution. I've considered the separate recommendations of the parties. I have reasonably calculated this sentence to achieve the two overriding purposes of felony sentencing and to be commensurate with and not demeaning to the seriousness of this offender's conduct and its impact on society and on the victims, and to be consistent with sentences for similar crimes committed by similar offenders. In using my discretion to determine the most effective way to comply with the purposes and principles of sentencing I have considered all relevant factors, including the seriousness and recidivism factors set forth in Revised Code 2929.12. The court finds that there are factors that make these offenses more serious. The victims suffered serious economic and psychological harm. There are no factors that make these offenses less serious. In terms of recidivism, the defendant has a history of criminal convictions or delinquency adjudications. It's not extensive. I believe this is the first felony[.]

4

**{¶11}** He has not responded favorably to previously imposed sanctions. He himself is responsible for letting a drug problem, inviting a drug problem into his life and allowing it to affect the rest of society at large and these victims. The court finds no factors making the offenses less serious. The court determines that on the firearm specification that prison is mandatory for one year. And the court determines that prison is needed on the remaining counts to protect the public from future crime. The court does believe that a minimum sentence would demean the seriousness of the offender's conduct. The court determines that consecutive sentences are necessary to protect the public and punish this offender. Consecutive sentences would not be disproportionate to his conduct and the danger he poses. The court determines that the harm was so great or unusual that a single term would not adequately reflect the seriousness of the conduct, and his criminal history shows that consecutive terms are needed to protect the public.

**{¶12}** After placing the foregoing findings on record, the court announced its sentencing order.

**{¶13}** The trial court specifically stated, in considering the R.C. 2929.12 factors, there were no factors that made the offenses less serious, but there were factors that increased the seriousness of appellant's crimes. The court recognized appellant's drug problem, but stressed that it was a problem which he brought upon himself. And, the court noted, appellant allowed his drug addiction to affect his various victims as well as society in general. The court consequently considered appellant's heroin addiction, but determined it was not a factor making the burglaries less serious. We discern no error in the court's reasoning.

**{¶14}** Moreover, although the court did not specifically acknowledge appellant's age in open court, it did point out that appellant had some criminal history and had failed to respond effectively to previous sanctions resulting from his past crimes. In making these findings, one can infer that, despite appellant's relatively young age, the court was

5

recognizing the need, in the case sub judice, for a more severe punishment. Under the circumstances, appellant's age is in no necessary way a mitigating factor and the court did not err in failing to make such a finding.

{¶15} R.C. 2929.12 requires the court to *consider* the factors enumerated in the statute. It does not require the court to give any particular factor additional or significant weight. *State v. DelManzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23. Here, by stating at the sentencing hearing and in its judgment entry that it considered the seriousness and recidivism factors in R.C. 2929.12, the trial court met its statutory obligations. Further, by stating at the sentencing hearing that there were no factors making the offense *less serious*, it follows that the court considered those factors before concluding that none of them applied. We therefore conclude the trial court's sentence is not contrary to law.

{¶16} Appellant's assignment of error lacks merit.

{¶17} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.