[Cite as *State v. Taeusch*, 2017-Ohio-1105.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NO. 2016-L-047 |
| DANIEL A. TAEUSCH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2015 CR 000822.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer,* Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Daniel A. Taeusch, appeals from the judgment of the Lake County Court of Common Pleas, sentencing him to an aggregate term of 114 months imprisonment. Appellant asserts the trial court's findings pursuant to R.C. 2929.12 were not supported by the record and/or were contrary to law. We affirm.

{¶2}    Appellant was indicted by the Lake County Grand Jury on two counts of rape, felonies of the first degree and five counts of gross sexual imposition, four of which were felonies of the fourth degree and one felony of the third degree.  The victims of appellant's crimes were his biological daughter and three of her teenage friends.  Appellant pleaded not guilty to the charges.

{¶3}    Ultimately, appellant withdrew his plea of not guilty and pleaded guilty to an amended charge of sexual battery, a felony of the third degree, in violation of R.C. 2907.03(A)(3); and two counts of gross sexual imposition, felonies of the fourth degree, in violation of R.C. 2907.05(A)(5); as well as one count of gross sexual imposition, a felony of the fourth degree, in violation of R.C. 2907.05(A)(1).

{¶4}    After a sentencing hearing, the trial court ordered appellant to serve a prison term of 60 months on the amended charge of sexual battery, and 18 months on each of the gross sexual imposition charges, each to run consecutively to one another, for a total of 114-months imprisonment.

{¶5}    Appellant appeals and assigns the following as error:

{¶6}    "The trial court erred by sentencing the defendant-appellant to a consecutive, maximum 114-month prison term."

{¶7}    Under his assignment of error, appellant asserts the trial court erred when it imposed its sentence because it ignored or discounted sentencing factors making his actions less serious and failed to give sufficient weight to other factors supporting a less severe penalty.  We do not agree.

{¶8}    Appellate review of a felony sentence is governed by R.C. 2953.08(G)(2), which provides:

**{¶9}** The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

**{¶10}** The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

**{¶11}** (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶12}** (b) That the sentence is otherwise contrary to law.

**{¶13}** The foregoing standard is highly deferential as the "the 'clear and convincing' standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶21 (8th Dist.). Accordingly, this court can only modify or vacate a sentence if the panel determines, by clear and convincing evidence, that the record does not support the trial court's decision or if the sentence is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶7.

**{¶14}** The Supreme Court of Ohio has held that R.C. 2929.11 and R.C. 2929.12 do not require judicial fact-finding. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. Instead, "in sentencing a defendant for a felony, 'a court is merely required to "consider" the purposes and principles of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12.'" *State v. Brown*, 11th Dist. Lake No. 2014-L-075, 2015-Ohio-

3

2897, ¶34, quoting *State v. Lloyd*, 11th Dist. Lake No. 2006-L-185, 2007-Ohio-3013, ¶44. A trial court meets its obligation by stating that it has considered the relevant factors. *Id.*

{¶15} Appellant first argues the trial court discounted his alcoholism and mental health issues; he contends these conditions, of which he has suffered from for many years, contributed to his offenses and justified a lesser sentence. We do not agree.

{¶16} First, it is unclear why appellant's alcohol abuse should be treated as a mitigating factor. Even though he had consumed alcohol prior to committing the offenses, the psychological evaluation indicates that he did not think alcohol caused him to commit the offenses. And, even if it was a contributing factor, appellant's voluntary intoxication does not ameliorate his actions, especially in light of the fact that he did not seek treatment for his alcohol abuse.

{¶17} Further, although appellant was diagnosed with a sexual disorder/sexual addiction, he fails to advance any reason why the trial court should have given this diagnostic impression heightened weight in his favor. The trial court considered appellant's psychological evaluation and appellant's relative mental health issues. The court did not find that appellant's issues should militate in favor of a lesser penalty. Under the facts of the case, we discern no error.

{¶18} Next, appellant notes that the trial court's finding that he had failed to obtain treatment for his issues did not account for his present desire to seek treatment for his problems. At the hearing, the trial court observed that appellant's failure to seek treatment, despite being aware of his problems, cast his claims of genuine remorse into question. Appellant had a history of alcoholism and had been dishonorably discharged

4

from the military for a sex offense. Moreover, he had previously, as a younger man, received substance abuse treatment, but failed to respond to the same. Appellant's current desire to be counseled or have treatment does not negate the fact that he had failed to seek the same prior to committing the crimes. The trial court's finding, in light of appellant's history, is reasonable and consistent with the record.

{¶19} Appellant also challenges the trial court's finding that his inability to remember some of his conduct provided a basis to question his remorse. While appellant did expressly apologize to the victims at sentencing, which demonstrated some remorse, the trial court was not obligated to accept appellant's representations. *See State v. Dudley*, 11th Dist. Lake No. 2009-L-019, 2009-Ohio-5064, ¶22 ("A reviewing court must defer to the trial court as to whether a defendant's remarks are indicative of genuine remorse because it is in the best position to make that determination.") And, in this case, the court found that appellant's "inability to remember some of his conduct, *with no apparent reason for that,*" inter alia, provided it with a basis to "question" the genuineness of his remorse. The court's problem with his inability to remember appears to be premised upon appellant's ostensible failure to adequately explain or account for his inability to remember. In this context, appellant's inability to remember could be viewed as a form of deflection or dissociation, either of which could reasonably call into question appellant's genuine remorse. We see no error in the court's finding.

{¶20} Appellant next argues the trial court erred in failing to acknowledge that he was "a victim" of sexual abuse; because that experience could have played a role in his

behavior, thereby mitigating the severity of his crimes, appellant maintains the court's failure to comment on the issue renders his sentence contrary to law. We do not agree.

{¶21} Appellant's first sexual encounter occurred at the hands of a 12-year-old babysitter when he was nine-years old. Although this past experience may have had a negative emotional impact on appellant, appellant admitted, in his psychological evaluation, he has never been forced to do anything sexually. The court did not err by failing to explicitly reference appellant's early sexual experiences.

{¶22} Next, in discussing appellant's prior criminal record, the trial court stated: "In terms of recidivism, there is a history of criminal convictions. While in the military, the Defendant was dishonorably discharged after spending time in the brig for a sex offense which involved similar conduct to here, digital penetration." Appellant asserts there is nothing in the record to support the court's finding of digital penetration vis-à-vis the prior offense. While appellant's construction may be accurate, the court's finding could be read to mean that appellant's past offense, which involved sexual conduct with a child, is similar to the underlying offenses, which involved sexual conduct with minors; and, one of the instant offenses involved an alleged digital penetration. Even though it is unclear that the past offense involved digital penetration, the crimes are nevertheless qualitatively similar as they involved sexual conduct with minors.

{¶23} Finally, appellant asserts that the trial court's finding that all of the victims suffered psychological harm is unsupported by the record because one of the victims did not submit a victim impact statement. Although one of the victims did not detail any specific psychological harm, a separate victim underscored that she had undergone extensive counseling due to the incident and addressed the court as to other

6

ramifications of her victimization. Given the nature of appellant's conduct and the open-court statements of the similarly-situated victim, the court could reasonably find that even the victim who did not speak suffered psychological harm. And, even if the court erred in drawing this conclusion, any such error is harmless.

{¶24} In light of the foregoing, we conclude appellant has not established, by clear and convincing evidence that the record fails to support the sentence; moreover, the sentence was within the statutory range and the trial court made the requisite findings pursuant to R.C. 2929.14(C)(4). Hence, appellant has failed to demonstrate the sentence is contrary to law. We therefore hold the trial court did not err in imposing the maximum 114-month sentence.

{¶25} Appellant's assignment of error lacks merit.

{¶26} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.