[Cite as *State v. Kidd*, 2025-Ohio-3167.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-3 |
| Appellee | : | |
| | : | Trial Court Case No. 2024 CR 143 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| AARON THOMAS KIDD | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on September 5, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

MARY K. HUFFMAN, JUDGE

LEWIS, J., and HANSEMAN, J., concur.

**OPINION**
CHAMPAIGN C.A. No. 2025-CA-3

JACOB S. SEIDL, Attorney for Appellant
JANE A. NAPIER, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Aaron Thomas Kidd appeals from his conviction, following a guilty plea, to one count of operating a vehicle while under the influence of alcohol ("OVI"), with a specification for an additional prison term for certain repeat OVI offenders. For the reasons that follow, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶ 2} Around midnight on October 5, 2024, Kidd committed multiple traffic infractions in Urbana before crashing his vehicle into a tree and fleeing on foot. He was later found hiding in nearby bushes and was arrested. On October 7, 2024, Kidd was indicted on one count of failure to comply with an order or signal of a police officer and one count of OVI with the specification for an additional prison term as a repeat offender.

{¶ 3} On December 2, 2024, at a pretrial conference, Kidd admitted multiple bond violations involving positive tests for alcohol and THC. On December 11, 2024, Kidd entered his guilty plea to OVI and the attendant specification, and the other charge was dismissed. At sentencing, the trial court imposed a prison sentence of 60 months for OVI, plus a mandatory five years on the specification to be served prior and consecutively to the sentence.

## Assignments of Error and Analysis

{¶ 4} Kidd's three assignments of error relate to sentencing, and we will address them together. In the text of his first assignment of error, Kidd claims that the trial court

erred in imposing the maximum aggregate sentence of ten years. In the body of this assignment, Kidd claims that the trial court relied upon unsubstantiated allegations in a pending petition for a protection order against him in imposing the maximum sentence, which violated his right to due process.

{¶ 5} In his second assignment of error, Kidd argues that the "proportionality and consistency" requirement of R.C. 2929.11(B) violates due process. According to Kidd, "the absence of reliable sentencing data directly undermines defense counsel's constitutional duty to provide effective assistance. Without objective data, counsel are significantly hindered in their ability to advocate meaningfully regarding consistency and proportionality." Kidd asks this Court to declare the proportionality requirement "void for vagueness and unenforceable until adequate empirical resources are made available to defense counsel."

{¶ 6} Finally, in his third assignment of error, Kidd argues that the court failed to apply the principles and purposes of sentencing under R.C. 2929.11 and R.C. 2929.12 in a manner consistent with established scientific and medical authority regarding addiction. Citing his "extraordinary childhood trauma," including the discovery of the murdered bodies of his best friend and his friend's father at the age of 13, harsh corporal punishment as a child, and childhood sexual abuse, Kidd argues that his experiences "correlate with significant psychological harm and can heighten the severity of addiction." Kidd argues that the court oversimplified how persistent trauma can complicate a defendant's ability to maintain sobriety and abide by bond conditions, and he contends that the court's "unscientific views" prevented it from applying the purposes and principles of sentencing appropriately. According to Kidd, "the widely accepted model of addiction treats relapse as a common phase of recovery – not a sign of irredeemable failure." Kidd claims that the court treated his alcoholism as "fully volitional, willful disobedience."

{¶ 7} The State responds that Kidd is attempting to improperly obtain a de novo review by challenging the validity of the trial court's findings, notwithstanding that the legislature and the Ohio Supreme Court have clearly stated that appellate courts may not review sentences de novo.

{¶ 8} We will first review the sentencing transcript and the reasoning stated in the trial court's judgment.

## Sentencing

{¶ 9} At sentencing, the court indicated that it accepted Kidd's childhood trauma as true but noted that, "when somebody provides information in mitigation that occurs when they were young, . . . the longer they are from the incident and the more intervening opportunities they had for treatment, the lower level of effectiveness or weight that mitigation evidence should be given."  The court also noted Kidd's criminal history of 32 adult convictions from 1991 to 2024.   The court found it reasonable to infer that Kidd's struggles with alcohol and drugs were rooted in his childhood experiences but pointed out that he had had prior opportunities "to pull [himself] out of that situation."   Of particular note, the court observed that Kidd had previously served a prison term for the same conduct and, in this circumstance, had crashed his car into a tree and could have killed himself, and yet he had tested positive for alcohol three times in October and November 2024, gone to an alcohol detox program, and then again tested positive for alcohol in December 2024 and January 2025.   The court stated:

> And so when we look at the purposes and principles of sentencing and we look at has Aaron Thomas Kidd been deterred from committing the same kinds of behavior and we look at your conduct on bond and we look at your history of alcohol and what alcohol has led to when you are drinking, which is

the eight OVIs. And when we look at the fact that even though this time you were still testing positive for alcohol, even after you went through the detox program and even after this case is hanging over your head, it is difficult for the Court to accept, number one, your attorney's statement that you are as close as you've ever been to staying sober for an extended period of time. . . .

And, number two, to the extent that relapse may be part of recovery, that used to be, in the Court's view, 1970's and 1980's thinking when people talk about cocaine addiction. In today's world of drug abuse, the Court slaps back at that. And I'm not saying this is a case like that. But Fentanyl and heroin don't give you the opportunity to relapse because they will put you in the ground. But to the extent that we want to say, well, relapse is part of recovery when it comes to alcoholism, you have demonstrated through your criminal history that when you get drunk, bad things happen. Meaning, you get drunk and you've had eight prior OVIs. And putting an exclamation mark on all of it.

Judgment Entry

{¶ 10} The judgment entry of conviction reflected that the court had considered the presentence investigation report ("PSI"), the purposes and principles of sentencing set forth in R.C. 2929.11, and the seriousness and recidivism factors set forth in R.C. 2929.12. The judgment entry also stated that while Kidd was on bond, his girlfriend (who was also the registered owner of the vehicle Kidd was operating at the time of his OVI arrest) had filed a petition for a protection order. She alleged that, while intoxicated, Kidd made separate threats to have a third party harm and/or kill her child, engaged in forced sexual conduct against her, and made threats that he possessed a firearm.

{¶ 11} The court made findings pursuant to R.C. 2929.11. Specifically, the court found that Kidd's sentence was consistent with sentences imposed for similar crimes committed by similar offenders.

Applicable Law

{¶ 12} "When reviewing felony sentences, a court of appeals must apply the standard of review set forth in R.C. 2953.08(G)." *State v. Williams*, 2022-Ohio-2897, ¶ 18 (2d Dist.), citing *State v. Farra*, 2022-Ohio-1421, ¶ 73 (2d Dist.). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it clearly and convincingly finds that either (1) the record does not support certain specified findings or (2) the sentence imposed is contrary to law. *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.).

{¶ 13} We "may not independently 'weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.' " *State v. Bartley*, 2023-Ohio-2325, ¶ 9 (2d Dist.), quoting *State v. Jones*, 2020-Ohio-6729, ¶ 42. "The inquiry is simply whether the sentence is contrary to law. A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12." *Id.*, citing *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.)

{¶ 14} The three overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). "To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and

others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 15} R.C. 2929.12 addresses several factors to be considered by the trial court when imposing a sentence under R.C. 2929.11, underscoring that a court imposing a sentence upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C. 2929.12(A). R.C. 2929.12(B) through (F) then set out factors for the court to consider relating to matters such as the seriousness of the offender's conduct, the likelihood of the offender's recidivism, and the offender's service in the armed forces of the United States. The trial court may also "consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A). Put differently, "a trial court is not confined to those factors when determining an appropriate sentence." *State v. Bodkins*, 2011-Ohio-1274, ¶ 42 (2d Dist.).

This court has recognized that a trial court may rely on "a broad range of information" at sentencing. *State v. Bowser*, 186 Ohio App.3d 162, 926 N.E.2d 714, 2010–Ohio–951, ¶ 13. "The evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned . . . with the narrow issue of guilt." *Id.* at ¶ 14, 926 N.E.2d 714. Among other things, a court may consider hearsay evidence, prior arrests, facts supporting a charge that resulted in an

acquittal, and facts related to a charge that was dismissed under a plea agreement. *Id*. at ¶ 15-16, 926 N.E.2d 714. "[B]ased on how the court perceives true facts in a case, it may believe that the offender committed a crime other than, or in addition to, the one to which he pleaded." *Id*. at ¶ 20, 926 N.E.2d 714. Notably, a court may consider "allegations of uncharged criminal conduct found in a PSI report[.]" *Id*. at ¶ 15, 926 N.E.2d 714.

*Id.* at ¶ 43.

{¶ 16} Despite the implication in Kidd's brief, consistency and proportionality in sentencing are not the same. *State v. Moore*, 2014-Ohio-5135, ¶ 17 (8th Dist.). "For purposes of R.C. 2929.11(B), 'consistency' relates to the sentences in the context of sentences given to other offenders; 'proportionality' relates solely to the punishment in the context of the offender's conduct (does the punishment fit the crime)." *Id.* Kidd relies on R.C. 2929.11(B), which requires that a sentence imposed for a felony be "consistent with sentences imposed for similar crimes committed by similar offenders."

. . . [S]entencing consistency is not derived from the trial court's comparison of the current case to prior sentences for similar offenders and similar offenses. *State v. Lloyd*, 11th Dist. Lake No. 2006-L-185, 2007-Ohio-3013, ¶ 51, citing *State v. Spellman*, . . . 2005-Ohio-2065, . . . ¶12 (11th Dist.). Instead, "it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency." *Id*., quoting *State v. Swiderski*, 11th Dist. Lake No. 2004-L-112, 2005-Ohio-6705, ¶ 58. The factors and guidelines contained in R.C. 2929.12, R.C. 2929.13, and R.C. 2929.14, along with R.C. 2929.11, create consistency in sentencing. *Id*., quoting *State v. Quine*, 9th Dist. Summit No. 20968, 2002-Ohio-6987, ¶ 13. Thus, in order to show a sentence is

inconsistent, a defendant must show the trial court failed to properly consider the statutory guidelines and factors. *Id.*

*State v. Anthony*, 2019-Ohio-5410, ¶ 154 (11th Dist.).

{¶ 17} Finally, the trial court cited several statutes that govern sentencing for a third-degree felony OVI offense with a specification for an additional prison term for certain repeat OVI offenders (like Kidd). R.C. 4511.19(G)(1)(e)(i) applies specifically to an offender who has previously been convicted of OVI and is being sentenced for a felony OVI offense under R.C. 4511.19(A)(1)(a), such as Kidd. The statute mandates a specific sentencing framework for such offenders, including a mandatory term of one to five years if the offender is also convicted of a repeat offender specification under R.C. 2941.1413 (as specified in Kidd's indictment). The repeat offender specification applies when the offender has been convicted of five or more equivalent OVI offenses within the past 20 years. *See also* R.C. 2929.13(G)(2). The sentence for the specification must be served prior to and consecutively to the sentence for the underlying felony. *See State v. South,* 2015-Ohio-3930, ¶ 19. "The General Assembly's decision to punish repeat drunk-driving offenders more harshly than other criminal offenders speaks volumes about the purpose of the punishment—to deter people from driving drunk and unnecessarily placing Ohioans at risk and to punish those who choose to do so more than twice in a ten-year period." *State v. O'Malley*, 2022-Ohio-3207, ¶ 69.

{¶ 18} R.C. 2929.14(A)(3)(a) applies to specific third-degree felonies that are considered more serious, and it authorizes definite prison terms ranging from 12 to 60 months. This includes a violation of R.C. 4511.19(A) if the offender has previously been convicted of a violation of that section that was a felony.

{¶ 19} Based upon the foregoing, Kidd's three assignments of error lack merit.

Kidd's aggregate sentence of ten years was not contrary to law. The court was free to consider the information contained in the PSI regarding his girlfriend's petition for a protection order against Kidd in imposing sentence, particularly because the alleged conduct involved the use of alcohol. The court properly considered the statutory guidelines and factors, and Kidd has not shown that his sentence was inconsistent with other sentences. Finally, Kidd mischaracterizes the record in asserting that the court treated his alcoholism as "willful disobedience." The court merely noted that Kidd had had several opportunities for rehabilitation in multiple prior alcohol-related cases but had not been deterred from drinking and driving. Kidd's ongoing inability to control his alcohol consumption, his behavior when intoxicated, his failure to obey law enforcement, his lack of compliance with pretrial services, and his failure to respond favorably to treatment in the past were significant to the court. Kidd's assignments of error are overruled.

{¶ 20} The judgment of the trial court is affirmed.

. . . . . . . . . . . .

LEWIS, J., and HANSEMAN, J., concur.